UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                                NOTICE OF MOTION
                                            07 CR. 471 (KNF)


LOWELL CRAIG MCGUINN,

                          Defendant.
------------------------------------------------------X

      PLEASE TAKE NOTICE that the defendant LOWELL CRAIG MCGUINN will move this Court before the Honorable Nathaniel K. Fox, United States Magistrate Judge, Southern District of New York in the United States Courthouse, 500 Pearl Street, New York, New York at a time that is convenient for the Court, for an order granting the following relief:

    (1)    For an Order dismissing the indictment because the charges contained in the indictment violate the First Amendment of the United States Constitution; and

    (2)    For such other and further relief as this Court may deem just and proper.

Dated: New York, New York
           August 3rd 2007

Respectfully submitted,

Xavier R. Donaldson, Esq.
103 E. 125th Street, Suite 1102
New York, New York 10035
212-722-4900
212-722-4966 (Facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-                                      **DECLARATION**
                                                     07 CR. 471 (KNF)

LOWELL CRAIG MCGUINN,

                            Defendant.
------------------------------------------------------X

STATE OF NEW YORK         )
COUNTY OF NEW YORK      ss.:
SOUTHERN DISTRICT OF NEW YORK  )

      Xavier R. Donaldson, Esq., pursuant to Title 28 United States Code, Section 1746, hereby declares under the penalties of perjury:

      The statements asserted as facts are based upon an examination of the complaint and Information, the discovery material provided by the Government, conversations with the Government and Mr. McGuinn and independent investigation. All matters about which your deponent lacks personal knowledge are asserted herein upon information and belief.

      LOWELL CRAIG MCGUINN is named in a one count Information charging him with wearing unauthorized military issued medals. Counsel has moved to dismiss the Information against Mr. McGuinn on the grounds that the statute charging Mr. McGuinn is unconstitutional.

      WHEREFORE, your declarant prays for an Order granting the relief requested in the Notice of Motion, or in an alternative a hearing to resolve the issues raised herein and for such other and further relief as to this Court may deem just and proper.

Dated: New York, New York
August 3, 2007

Respectfully submitted,

Xavier R. Donaldson
103 E. 125th Street, Suite 1102
New York, New York 1003
212-722-4900
212-722-4966 (facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

                                   07 CR. 471 (KNF)

LOWELL CRAIG MCGUINN,

                Defendant.
---------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMMIS INFORMATION

Preliminary Statement

    This memorandum of law is respectfully submitted in support of the Notice of Motion of LOWELL CRAIG MCGUINN submitted herewith, seeking dismissal of the Information.

Statement of Facts

    The Defendant, LOWELL CRAIG MCGUINN, was arrested on April 30th 2007 and charged in a Complaint with violating 18 U.S.C. Section 704(a) and (d). The Complaint alleges that from about May 2005 through December 2006 Mr. McGuinn wore several unearned service medals.

    Mr. McGuinn was thereafter charged pursuant to an Information with violating 18 U.S.C. Section 704(a). The Information states in sum and substance that Mr. McGuinn wore service medals awarded to members of the armed forces without authorization at a social function in Manhattan. Indeed, the charge is for the alleged unauthorized *wearing*

of Government issued medals. Notably, the charge does not allege that Mr. McGuinn obtained a benefit from the unauthorized *wearing* of Government medals.

## I. 18 USC 704(a) IS UNCONSTITUTIONALLY OVERBROAD

A statute is unconstitutionally overbroad if there exists "a substantial risk that application of the provision will lead to the suppression of speech." *U.S. v. Genovese*, 409 F. Supp. 2d 253 (SDNY 2005), *quoting Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998). "The overbreadth claimant bears the burden of demonstrating from the text of the law and from actual fact, that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003). "The showing that a law punishes a substantial amount of protected free speech, judged in relation to the statute's plainly legitimate sweep suffices to invalidate all enforcement of that law, ... *Id.*, at 118-119 (2003). "Although minor overinclusiveness is not enough to render a statute unconstitutional, if the statute prohibits a substantial amount of speech relative to its legal breadth, then it is facially invalid." *Nitzke v. Gonzalez*, 413 F. Supp. 2d 262 (2d Cir. 2005). In the present case, there are several instances where the statute as drafted will lead to a suppression of speech and the punishment of a substantial amount of free speech.

### A. 18 USC 704(a) will lead to suppression of substantial amount of speech

The protections that Section 704(a) suppresses relate to conduct (wearing medals) and not actual speech. Notably, the protections of the First Amendment do not generally apply to conduct in and of itself. *See, Spence v. Washington*, 418 U.S. 405, 411 (1974). In order for conduct to come under the ambit of free-speech protection, the conduct must convey a particularized message and a showing that the message will be understood by those who view it. *Id., see also, Texas v. Johnson*, 491 U.S. 397, 404 (1989).

Significantly, however, in First Amendment challenges, protection may be sought by the movant and on behalf of others as well. *See, Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). Indeed, "litigants are permitted to challenge a statute...because of judicial prediction or assumption that the statutes very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Id.* Section 704(a) will prevent Mr. McGuinn and/or others from engaging in constitutionally protected expression.

Essentially, the statute criminalizes persons for wearing any unearned military issued medals for any purpose. In this case, the authorities arrested Mr. McGuinn because he allegedly wore the medals at several functions. According to the legislative history, the statute's purpose is to protect the reputation of those persons who earned the service medals. This, however, is entirely too broad and criminalizes a variety of legal activities and protected forms of expression. This statute would actually criminalize persons who wear the medals specifically to *honor* the reputations of persons who earned the medals.

For example, the statute as written would criminalize a son honoring his father by wearing his father's medals and uniform at his father's funeral after his father was killed in a war. Similarly, the law as written would criminalize a father honoring his son by wearing his son's uniform and medals at a funeral after his son was killed in a war. Clearly, both of these forms of expression would conform to the statute's stated purpose of protecting the reputation of those persons who earned the medal. More importantly, wearing the medals of fallen family members at their respective funerals communicates to the viewer a specific, understood message of honoring a person who earned a service

medal. *See, Spence v. Washington, supra,* at 406; *see also, Texas v. Johnson, supra,* at 406.

The statute would also criminalize honoring a dead or wounded family member by wearing the medals in a parade honoring veterans. Surely, it cannot be argued that marching in a parade wearing the medals of fallen loved ones does not honor the reputation of persons that earned military medals. Moreover, the wearing of medals by parade marchers surely communicates to the viewer a specific, understood message of either protesting or supporting a current or past war and or its participants. Similarly, wearing a medal at military functions would also clearly serve the purpose of communicating a message of supporting some fashion of military conduct.

The statute also does not contain an exception for persons wearing the medals in a theatrical, cinematic or television role. Finally, the statute unlawfully prevents persons from wearing the medals as a show of protest to a current or past war. In a free society, it is imperative that persons be allowed to show their disagreement with the Government's position without interfering in the role and responsibilities of that Government.

Clearly, the above situations qualify as "expression" for First Amendment protections and are but a few clear instances of "expression" that the statute would unlawfully suppress.

Furthermore, the statute promotes improper discretion of law enforcement. As stated above, the legislative intent of the statute is to protect the reputation of those persons that earned the medals. Clearly, if a father is wearing the medals earned by his son at his son's funeral, then the father is protecting or honoring the reputation of his son and the medals that he earned. This conduct, however, would be violative of the statute

and force law enforcement to make a decision on whether to arrest the father during the funeral services of his son or a marcher in a parade or a son honoring his fallen father. More importantly, law enforcement would clearly arrest someone walking down a street wearing military blue and unearned medals much quicker than they would a person wearing the military blue of their fallen family member.

Moreover, violating a persons First Amendment rights in order to protect the reputation of military personnel is unlawful and unconstitutional. In *Broadrick v. Oklahoma, supra,* the Court addressed a First Amendment issue. In *Broadrick*, the Court reminded us that protecting professional reputation is not a good enough reason to trample on the First Amendment rights guaranteed by the Constitution. *Id.*, at 619. Just as protecting professional reputation is not sufficiently compelling to deny First Amendment protection, protecting the reputation of military personnel does not further an important and substantial governmental interest. Undoubtedly, enforcement of Section 704(a) would force persons to refrain from "...exercising their rights for fear of criminal sanctions..." *See, New York v. Ferber*, 458 U.S. 747, 769 (1982).

Significantly, this statute has not undergone judicial scrutiny. Indeed Section 704(a) is exactly the type of statute that requires the "strong medicine" of dismissal contemplated by the Courts. *Id.* Consequently because Section 704(a) relates to the suppression of expression, does not further an important or substantial government interest and burdens substantially more speech than necessary it must be struck down as unconstitutional.

## II.     18 USC SECTION 704(a) IS UNCONSTITUTIONALLY VAGUE

"The void for vagueness doctrine requires that a statute define the criminal offense with sufficient precision that ordinary people can understand what conduct is prohibited." *U.S. v. Genovese*, 409 F. Supp2d 253, 257 (SDNY 2005), *quoting Kolender v. Lawson*, 461 U.S. 352, 357 (1983). The statute in question "must provide relatively clear guidelines as to prohibited conduct." *Genovese*, at 357, *quoting Posters 'N' Things, Ltd. V. United States*, 511 U.S. 513, 525 (1994). Indeed, "the underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *Genovese*, at 357, *quoting United States v. Harris*, 347 U.S. 612, 617 (1954). Fair notice must be given to a person of ordinary intelligence that conduct contemplated by the individual is forbidden. *See, Harris, supra,* at 617. In the present case, Section 704(a) fails to provide adequate notice of what is proscribed conduct.

As stated above, a child or parent wishing to honor their deceased parent by wearing medals can't possibly believe that his/her conduct is illegal. Moreover, the statute does not clearly indicate any exceptions that would not warrant federal prosecution. A reader of Section 704(a) would not know whether he could march in a parade, perform a cinematic or theatric skit, wear a medal on his chest or wear a medal at a funeral.

Furthermore, the statute is vague because it provides unfettered discretion to law enforcement regarding whom to arrest when wearing unearned service medals. Indeed, a statute has been recognized as void for vagueness for three primary reasons: (1) to avoid punishing people for behavior that they could not have known was illegal; (2) to avoid

subjective enforcement of the laws based on arbitrary and discriminatory enforcement by government officers; and (3) to avoid any chilling effect on the exercise of First Amendment freedoms. *See, Grayned v. City of Rockford*, 408 U.S. 104 (1972). In the present case, many parents, children and persons honoring veterans will be punished for unknown illegal conduct. Moreover, as stated above, the law will definitely cause subjective law enforcement. Finally, enforcement of the law will cause a chilling effect on persons attempting to exercise their right to freedom of expression because they would be afraid of getting arrested.

While it is true that Due Process does not require impossible standards of clarity, the requirement of clarity is enhanced when criminal sanctions are at issue or where the statute touches upon First Amendment Freedoms. *See, Kolender v. Lawson*, 461 U.S. 352 (1983); *see also, Information Providers' Coalition for the Defense of the First Amendment v. FCC*, 928 F.2d 866 (9th Cir. 1991). Indeed, "the areas of permissible indefiniteness narrows...when the regulation invokes criminal sanctions and potentially affects fundamental rights." *United States v. Robel*, 389 U.S. 258, 275 (Brennan, J. Concurring)(1967).

The mere fact that a person is wearing unearned service medals does not mean that he had the intent to steal the valor of former military officers. Nor does the wearing of unearned medals mean that the defendant had the intent of tarnishing the reputation of persons who earned similar medals. Indeed, the very intent of the statute is not carried out by the enforcement of its vague terms.

## CONCLUSION

For the above reasons, the Information must be dismissed as unconstitutionally overbroad and vague.

Dated: New York, New York
August 3, 2007

Respectfully submitted,

Xavier R. Donaldson
Attorney for Lowell Craig McGuinn
103 E. 125th Street, Suite 1102
New York, New York 10035
212-722-4900
212-722-4966