```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        :

      -against-                 :
                                        07 Cr. 471 (KNF)
LOWELL CRAIG MCGUINN,           :

            Defendant.          :

- - - - - - - - - - - - - - - - X
```

**MEMORANDUM OF LAW RESPONDING TO DEFENDANT'S MOTION TO DISMISS INFORMATION**

 

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**
**Attorney for the United States**
    **of America**

**MICHAEL M. ROSENSAFT**
**Assistant United States Attorney**

   - **Of Counsel** -

**TABLE OF CONTENTS**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   18 U.S.C. § 704(a) Is Not Unconstitutionally Overbroad . . 2

     A.   Standard . . . . . . . . . . . . . . . . . . . . . . . 2

     B.   18 U.S.C. § 704(a) Has A Broad, Legitimate Sweep . . 2

     C.   The Defendant's Wearing Of Unearned Armed Service
          Medals Is Not A Protected Form Of Speech . . . . . . 5

     D.   Conclusion . . . . . . . . . . . . . . . . . . . . . 7

II.  18 U.S.C. § 704(a) Is Not Unconstitutionally Vague . . . . 7

     A.   Standard . . . . . . . . . . . . . . . . . . . . . . . 8

     B.   The Void-For-Vagueness Doctrine Is Inapplicable To
          False, Commercial Speech . . . . . . . . . . . . . . 8

     C.   18 U.S.C. § 704(a) Is Not Facially Vague . . . . . 10

     D.   18 U.S.C. § 704(a) Provides Adequate Guidance
          To Law Enforcement . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**TABLE OF AUTHORITIES**

**Statutes and Regulations**                                                   **Page**

8 U.S.C. § 1326(a) . . . . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 704(a) . . . . . . . . . . . . . . . . . . . . . . *passim*

Army Regulation 600-8-22, Feb. 25, 1995 . . . . . . . . . . . 9, 11

Stolen Valor Act of 2005, Pub. L. No. 109-437,
§ 2, 120 Stat. 3266, 3266 (2006) . . . . . . . . . . . . . . . . . 3

**Cases**

Broadrick v. Oklahoma, 413 U.S. 601 (1973) . . . . . . . . . 2, 4

Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n,
447 U.S. 557 (1980) . . . . . . . . . . . . . . . . . . . . . . . . 6

Chatin v. Coombe, 186 F.3d 82 (2d Cir. 1999) . . . . . . . . . . 8

City of Chicago v. Morales, 527 U.S. 41 (1999) . . . . . . . 14

Connally v. General Construction Co., 269 U.S. 385 (1926) . . 11

Farrell v. Burke, 449 F.3d 40 (2d Cir. 2006) . . . . . . . . 14

Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974) . . . . . . . 7

Grayned v. City of Rockford, 408 U.S. 104 (1972) . . . . . . 11

Hooper v. Bernalillo County Assessor, 472 U.S. 612 (1986) . . . 3

Ibanez v. Fla. Dep't of Bus & Prof'l Regulation,
Bd. Of Accountancy, 512 U.S. 136 (1994) . . . . . . . . . . . 5, 6

In re R.M.J., 455 U.S. 191 (1982) . . . . . . . . . . . . . . . 6

Keyishian v. Bd. of Regents, 385 U.S. 589 (1967) . . . . . . 11

Kolender v. Lawson, 461 U.S. 352 (1983) . . . . . . 8, 11, 13, 14

Members of City Council v. Taxpayers for Vincent,
466 U.S. 789 (1984) . . . . . . . . . . . . . . . . . . . . . . . . 2

New York Times v. Sullivan, 376 U.S. 254 (1964) . . . . . . . . 4

**Cases cont.**                                                          **Page**

Regan v. Taxation With Representation of Wash.,
461 U.S. 540 (1983) . . . . . . . . . . . . . . . . . . . . . . 4

Reuland v. Hynes, 460 F.3d 409 (2d Cir. 2006) . . . . . . . . . 7

Russell v. Hodges, 470 F.2d 212 (2d Cir. 1972) . . . . . . . . 4

Rose v. Locke, 423 U.S. 48 (1975) . . . . . . . . . . . . . . 11

Rubin v. Coors Brewing Co., 514 U.S. 476 (1994) . . . . . . . . 5

Schact v. United States, 398 U.S. 58 (1970) . . . . . . . . . . 3

Thibodeau v. Portundo, 486 F.3d 61 (2d Cir. 2007) . . . . 10, 13

United States v. Genovese,
409 F. Supp. 2d 253 (S.D.N.Y. 2005) . . . . . . . . . . . . . 11

United States v. Konstantakakos,
No. 03-1651, 2005 WL 348376 (2d Cir. 2005) . . . . . . . . . 6-7

United States v. Space Hunters, Inc.,
429 F.3d 416 (2d Cir. 2005) . . . . . . . . . . . . . . . . 5-6

Village of Hoffman Estates v.
Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982)  . . 8-9, 10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA        :

     -against-                  :
                                        07 Cr. 471 (KNF)
LOWELL CRAIG MCGUINN,           :

             Defendant.         :

- - - - - - - - - - - - - - - -X
```

**MEMORANDUM OF LAW RESPONDING TO DEFENDANT'S MOTION TO DISMISS INFORMATION**

The Government hereby responds to defense counsel's motion to dismiss the Information against the above-referenced Defendant and declare 18 U.S.C. § 704(a) unconstitutionally overbroad and/or void for vagueness.  Defense counsel argues that: 1) 18 U.S.C. § 704(a) is unconstitutionally overbroad because it will lead to a suppression of a substantial amount of speech; and 2) 18 U.S.C. § 704(a) is unconstitutionally vague because it does not give clear guidance as to prohibited conduct and provides unfettered discretion to law enforcement regarding whom to arrest.  First, the Government contends that the statute is not unconstitutionally overbroad.  The statute has a broad, legitimate sweep, which recognizes the Government's important interest in recognizing valor in our armed forces.  Second, the defendant's wearing of armed service medals is not a protected form of speech.  Third, the statute is straightforward and clear

1

on its face, providing clear guidance to law enforcement, and is not unconstitutionally vague.

## I.   18 U.S.C. § 704(a) Is Not Unconstitutionally Overbroad

### A.   Standard

The overbreadth doctrine allows a statute to be declared facially invalid only if it is "written so broadly that [it] may inhibit the constitutionally protected speech of third parties." Members of City Council v. Taxpayers for Vincent, 466 U.S. 789, 798 (1984). The Supreme Court has described the overbreadth doctrine as "strong medicine," and limited its application only to cases where "the overbreadth of a statute [is] not only. . . real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick v. Oklahoma, 413 U.S. 601, 613, 615 (1973). In this instance, judged against its broad, legitimate sweep, 18 U.S.C. § 704(a) has only a limited impact on constitutionally protected forms of expression, and is thus constitutional.

### B.   18 U.S.C. § 704(a) Has A Broad, Legitimate Sweep

Defense counsel argues that protecting the reputation of military personnel and promoting valor in our armed services is not an important governmental interest, Def. Mot. at 8, but defense counsel is simply wrong. The statute straightforwardly makes it a crime to "knowingly wear[] . . . any decoration or medal authorized by Congress for the armed forces of the United

2

States . . . except when authorized under regulations made pursuant to law . . . .." This statute has a broad, legitimate sweep that promotes the important Governmental interest in recognizing valor in our armed forces. The words of the statute themselves are very clear, and, in fact, defense counsel has not pointed to a single word in the statute that is difficult to understand or may not provide clear guidance to law enforcement. In fact, a similar statute, 18 U.S.C. § 702, which prohibits the wearing of military uniforms without authorization, has long been held to be a "valid statute on its face" by the Supreme Court. See Schact v. United States, 398 U.S. 58, 61 (1970).

The statute reflects the Government's legitimate interest in recognizing valor in our armed forces, and preventing those that have not earned such commendations from wearing them and diluting their value. Congress recognized this interest when it amended 18 U.S.C. § 704(a) in 2006 to increase its penalties, finding that, "[l]egislative action is necessary to permit law enforcement officers to protect the reputation and meaning of military decorations and medals." Stolen Valor Act of 2005, Pub. L. No. 109-437, § 2, 120 Stat. 3266, 3266 (2006).

Courts have long recognized the interest the Government has in rewarding and recognizing the efforts of our armed forces. The Supreme Court, in Hooper v. Bernalillo County Assessor, 472 U.S. 612, 620 (1985), called such an interest "plainly

3

legitimate," recognizing that "our country has a longstanding policy of compensating veterans for their past contributions by providing them with numerous advantages." Id. (quoting Regan v. Taxation With Representation of Wash., 461 U.S. 540, 551 (1983)). In the Second Circuit, Judge Friendly, considering an equal protection challenge to a statute that gave preferential treatment to veterans, approvingly described this interest as "[t]he desire to compensate in some measure for the disruption of a way of life and often of previous employment occasioned by service in the armed forces and to express gratitude for such service." Russell v. Hodges, 470 F.2d 212, 218 (2d Cir. 1972). Plainly, promoting our armed forces and recognizing those that have risked their life for our country is an important governmental interest.[1]

---

[1] Defense counsel cites to the dissent in Broadrick v. Oklahoma, 413 U.S. 601, to support his argument that the statute does not promote an important Governmental interest. Def. Mot. at 8. Broadrick did not concern recognizing military valor – or even professional reputation. Rather, Broadrick concerned an Oklahoma state statute that prohibited civil servants from engaging in partisan politics, and the Court found that the statute was constitutional. Id. at 616-17. Defense counsel's citation to the dissent in Broadrick merely references New York Times Co. v. Sullivan, 376 U.S. 254 (1964), for the proposition that "neither injury to official reputation nor factual error justified repression of speech, that the demands of free speech lowered the barriers to libel actions for charges of official misconduct or improprieties." Id. at 619. The present case against the Defendant is not about libel or prohibiting someone from engaging in politics, and thus it can be distinguished from the dissent's statements in Broadrick.

4

### C. The Defendant's Wearing Of Unearned Armed Service Medals Is Not A Protected Form of Speech

Defense counsel argues that 18 U.S.C. § 704(a) suppresses a substantial amount of speech. The Government contends that the Defendant's wearing of unearned armed service medals is not a constitutionally protected form of speech because it is false, commercial speech.

As charged in the Complaint, which is attached as Exhibit A, the Defendant told individuals at Codaoctopus USA, an underwater marine security company, that he was a retired Lieutenant Colonel who was attached to the Special Forces. Compl. ¶ 4. Based in part of this representation, the Defendant secured two six-month contracts as a consultant for Codaoctopus. Id. Shortly before his arrest, the Defendant admitted to law enforcement that he had reinvented himself with a new identity as a retired Lieutenant Colonel, and he wore various armed service medals to support that new identity. Compl. ¶ 5.

Commercial speech encompasses any information transmitted in a commercial setting. See Ibanez v. Fla. Dep't of Bus. & Prof'l Regulation, Bd. Of Accountancy, 512 U.S. 136, 142 (1994) (attorney's use of the designations "CPA" and "CFP" is commercial speech); Rubin v. Coors Brewing Co., 514 U.S. 476, 481 (1994) (alcohol content on beer labels is commercial speech); see generally United States v. Space Hunters, Inc., 429 F.3d 416, 425 (2d Cir. 2005). In this case, the Defendant effectively branded

5

himself a Lieutenant Colonel in order to engage in commercial transactions.  In Ibanez, 512 U.S. at 142, a similar case, the Court recognized that an attorney's use of CPA and CFP designations constituted commercial speech.  Just as the attorney used a false designation in Ibanez in order to make it seem as if he possessed greater qualifications, the Defendant falsely held himself out to be a retired Lieutenant Colonel with multiple decorations in order to make it seem as if the Defendant possessed greater qualifications.  As recognized in Ibanez, such speech is afforded lesser constitutional protection.  Id.; see also United States v. Space Hunters, Inc., 429 F.3d 416, 425 (2d Cir. 2005) (noting that commercial speech is "a subset of speech for which the First Amendment accords a lesser protection").

Even more, the Defendant's speech is false, commercial speech, which is afforded no constitutional protection whatsoever.  Because the protection of commercial speech is motivated by the informative value of such communications, regulating false or inherently misleading commercial speech does not raise First Amendment concerns.  See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n, 447 U.S. 557, 563 (1980) ("[T]here can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public . . . ."); In re R.M.J., 455 U.S. 191, 203 (1982) ("Misleading advertising may be prohibited entirely."); United States v.

Konstantakakos, No. 03-1651, 2005 WL 348376, at *3 (2d Cir. 2005) ("[I]t has long been established that the First Amendment does not shield knowingly false statements made as part of a scheme to defraud."). In fact, even if the Defendant's speech was not commercial, it would not be protected in this case as "there is no constitutional value in false statements of fact." Gertz v. Robert Welch, Inc., 418 U.S. 323, 339 (1974); Reuland v. Hynes, 460 F.3d 409, 414 (2d Cir. 2006) (recognizing First Amendment protection of false speech, but not where it is "made with knowledge or reckless disregard of its falsity").

### D. Conclusion

As discussed above, Defendant's wearing of unearned service medals to hold himself out as a retired Lieutenant Colonel in order to secure business opportunities is not a protected form of speech. Furthermore 18 U.S.C. § 704(a) promotes an important Governmental interest of recognizing valor in the armed services. This interest has been recognized as legitimate by both Congress and the courts. Thus, 18 U.S.C. § 704(a) is not overbroad, and clearly constitutional.

## II. 18 U.S.C. § 708 Is Not Unconstitutionally Vague

Defendant claims that 18 U.S.C. § 704(a) is unconstitutionally vague because it does not provide "fair notice to a person of ordinary intelligence that conduct contemplated by

the individual is forbidden." Def. Mot. at 9. However, as discussed below, 18 U.S.C. § 704(a) is both straightforward, clear, and thus constitutional.

### A. Standard

The void-for-vagueness doctrine is only applicable if a statute reaches "a substantial amount of constitutionally protected conduct." See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982). Once that is established, the void-for-vagueness doctrine requires that a penal statute "define criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in manner that doe not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Therefore, once it is determined that the void-for-vagueness doctrine is applicable, a two-prong test is used to determine if a statute is unconstitutionally vague: "whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited"; and "whether the law provides explicit standards for those who apply it." Chatin v. Coombe, 186 F.3d 82, 87 (2d Cir. 1999).

### B. The Void-For-Vagueness Doctrine Is Inapplicable To False, Commercial Speech

The Defendant argues that 18 U.S.C. § 704(a) suppresses a substantial amount of speech. (Def. Mot. at 7). To that end, defense counsel has identified hypothetical situations where

8

wearing unauthorized armed service medals may be constitutionally protected speech:  for example, a relative wearing an unearned armed services medal in the memory of someone that had died; or an actor wearing an such service medals in a play. (Def. Mot. at 7-8).  Those examples are inapplicable.

The void-for-vagueness analysis described above is only applicable if the statute suppresses a "substantial amount" of constitutionally protected conduct.  Hoffman Estates, 455 U.S. at 494.  If it doesn't, then a different analysis applies:

> In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct.  If it does not, then the overbreadth challenge must fail.  The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications.

Hoffman Estates, 455 U.S. at 494-95.

However, the statute at issue, 18 U.S.C. § 704(a), only criminalizes wearing such medals without authorization.  A relative of a deceased veteran may, in fact, be authorized to wear such medals. See, e.g., Army Regulation 600-8-22, Feb. 25, 1995, ¶ 2-8 (providing that purple hearts shall be issued to the next of kin when a relative is killed in the line of duty).  Similarly, exceptions may be made for actors in theatrical productions.  Moreover, the Defendant has not alleged that he was wearing such medals for either of these purposes.

9

The statute is designed to prevent the Defendant from wearing an unearned armed services medal, which he has, in this case, used to fraudulently secure security contracts. As discussed above, the speech at issue that is allegedly being suppressed is commercial speech, as the Defendant wore these medals to fraudulently assume the identity of a retired Lieutenant Colonel in order to obtain security contracts. See infra, at 5. Moreover, the speech is false, commercial speech because the Defendant did not earn the medals. Thus, such speech is not constitutionally protected and the void-for-vagueness doctrine is inapplicable. Hoffman Estates, 455 U.S. at 494-95.

### C.   18 U.S.C. § 704(a) Is Not Facially Vague

Defense counsel argues that in certain hypothetical situations, 18 U.S.C. § 704(a) is facially vague. (Def. Mot. at 7-8). For example, defense counsel argues that the statute would not be enforced against a relative wearing unearned armed service medals in honor of a deceased veteran or against an actor in a theatrical production. (Def. Mot. at 7-8). However, the statute on its face is clear and straightforward.[2]

---

[2] Defendant does not argue – because he cannot – that the statute, as applied to him, is vague in any respect. As noted by the Second Circuit, when considering void-for-vagueness challenges, the Supreme Court instructs courts to "examine the complainant's conduct before analyzing other hypothetical applications of law." Thibodeau v. Portundo, 486 F.3d 61, 67 (2d Cir. 2007) (citing Hoffman Estates, 455 U.S. at 495). The statute is simple and easy to understand. The Defendant was charged under this section of the United States Code because he

Section 704(a) of Title 18 of the United States Code plainly makes it a crime to wear unearned armed service medals without legal authorization. Section 704(a) is not a statute such that "men of common intelligence must necessarily guess at its meaning." See Connally v. General Construction Co., 269 U.S. 385, 391 (1926). Its meaning is clear.

By operation, every statute has some ambiguity within it, but the void-for-vagueness doctrine does not require "mathematical certainty." See Grayned v. City of Rockford, 408 U.S. 104 (1972). In fact, "some inherent vagueness is inevitable and thus permissible." United States v. Genovese, 409 F. Supp. 2d 253, 357 (S.D.N.Y. 2005); see also Rose v. Locke, 423 U.S. 48, 49-50 (1975) (void-for-vagueness doctrine does not "invalidate every statute which a reviewing court believes could have some inherent vagueness").

Most void-for-vagueness challenges that are successful pertain to ill-defined words in the statute such that an average person would not know what exactly was prohibited. See Keyishian v. Bd. of Regents, 385 U.S. 589 (1967) (voiding law outlawing employees from uttering "seditious words" because it was unclear what was meant by "seditious"); Kolender, 461 U.S.

---

"wore" "decorations or medals" "authorized by Congress for the armed forces of the United States" without authorization. There is nothing confusing or ambiguous about the statute, and the Defendant acknowledged the significance of the medals he wore in his portrayal of a decorated veteran. Compl. ¶ 5.

352 (voiding law that made it a crime to not provide "credible and reliable" identification when stopped by police as it was unclear what "credible and reliable" identification was). Here there is no challenge to the words in the statute.

Moreover, Defense counsel's "relative" example is flawed in that, as noted above, relatives may indeed be authorized to wear such medals. See, e.g., Army Regulation 600-8-22, Feb. 25, 1995, ¶ 2-8 (providing that purple hearts shall be issued to the next of kin when a relative is killed in the line of duty). But regardless of the hypothetical that defense counsel proposes, the statute itself is clear – if a person does not have authorization to wear such a medal, the person is committing a crime and may be prosecuted. If the person does have authorization, pursuant to regulations, then the person is not committing a crime.[3]

In short, there is nothing vague about the statute, and the plain words of the statute adequately puts a person of ordinary intelligence on notice that wearing an unearned armed service medal without authorization is a violation of federal law. Thus, 18 U.S.C. § 704(a) is not facially vague.

---

[3] In this regard, a parallel can be seen in the crime of illegal reentry under 8 U.S.C. § 1326(a): if an alien that has been deported enters the United States without authorization, then the alien has committed a crime; but if the alien has authorization to enter the country, then the alien has not violated the statute.

### D.  18 U.S.C. § 704(a) Provides Adequate Guidance To Law Enforcement

Defense counsel also suggests that 18 U.S.C. § 704(a) is ambiguous, providing too much discretion to law enforcement, and thus is void for vagueness.  (Def. Mot. at 9).  Because the statute is clear on its face and provides adequate instructions, such an argument cannot succeed.

The Supreme Court, in considering a void-for-vagueness challenge, has clarified that statutes only need to provide "minimal guidelines to govern law enforcement," so as not to create a "standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."  Kolender, 461 U.S. at 358.  Importantly, the void-for-vagueness doctrine "does not ban *all* discretion on the part of police officers or prosecutors as 'effective law enforcement often requires the exercise of some police judgment.'"  Thibodeau, 486 F.3d at 69.

A statute provides such "minimal guidelines" for law enforcement and thus is not void for vagueness if a court finds either: "(1) that a statute as a general matter provides sufficiently clear standards to minimize the risk of arbitrary enforcement or (2) that, even without such standards, the conduct at issue falls within the core of the statute's prohibition, so that the enforcement was not the result of the unfettered discretion that law enforcement officers and factfinders might

13

have in other, hypothetical applications of the statute." Id. at 67 (citing Farrell v. Burke, 449 F.3d 470, 494 (2d Cir. 2006)).

Analyzing the statute under the first prong, 18 U.S.C. § 704(a) provides sufficiently clear standards to law enforcement. Courts have found that statutes do not provide clear guidance to law enforcement only when vague words in a statute give law enforcement unfettered discretion to interpret the statute from moment-to-moment. See, e.g., Kolender v. Lawson, 461 U.S. 352, 369 (1983) (noting that ill-defined loitering law "necessarily entrusts lawmaking to the moment-to-moment judgment of the policeman on his beat"); City of Chicago v. Morales, 527 U.S. 41, 60-61 (1999) (statute criminalizing "loitering with no apparent purpose" void-for-vagueness because definition of "apparent purpose" was left to law enforcement). Here, the statute is straightforward and clear, and does not contain vague or poorly defined words such as to provide law enforcement such unfettered discretion.

Moreover, under the second prong of the "guidance" test, the conduct at issue in this case falls squarely within the core of the statute's prohibition, which alone meets the standard articulated by the Second Circuit. The Defendant was arrested because he wore unearned armed service medals, including a purple heart, among others, without authorization, in an attempt to fraudulently hold himself out as a retired lieutenant colonel and

14

to obtain security contracts with that fraudulent identity. See Compl. ¶¶ 3-6. Such conduct is central to 18 U.S.C. § 704(a)'s purpose in preventing people from diluting the value of these medals by wearing them without authorization – and, here to secure employment. The criminal conduct in this case thus falls at the core of the statute's prohibition, and for this reason alone, it meets the "minimal guidance" test.

## CONCLUSION

As discussed above, 18 U.S.C. § 704(a) is not overbroad or vague, but is a straight-forward statute that is constitutional. Moreover, it is being applied in this case to a set of facts that strike at the core of the statute: someone that used service medals such as the purple heart to fraudulently hold himself out to be someone he was not - a decorated veteran - and, gain financially by using that false persona. For these reasons, defense counsel's motion should be denied.

Dated:   New York, New York
         August 23, 2007

                                Respectfully Submitted,

                                MICHAEL J. GARCIA
                                United States Attorney

                         By:    /s/ Michael M. Rosensaft
                                Michael M. Rosensaft
                                Assistant United States Attorney
                                (212) 637-2366