# EXHIBIT A

Case 1:07-cr-00471-KNF   Document 16-2   Filed 08/23/2007   Page 1 of 5

07 MAG        655

Approved:  _____
           MICHAEL M. ROSENSAFT
           Assistant United States Attorney

Before:    HONORABLE RONALD L. ELLIS
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - -X
                                          COMPLAINT
UNITED STATES OF AMERICA        :
                                          Violation of 18 U.S.C.
     - v. -                     :         Section 704(a) & (d)

LOUIS LOWELL MCGUINN,           :
a/k/a "Lowell Craig McGuinn"
                                :         COUNTY OF OFFENSE:
           Defendant.                     NEW YORK
                                :

- - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

     Jason Randazzo, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

COUNT ONE

     From in or about May 2005 through in or about December 2006, in the Southern District of New York and elsewhere, LOUIS LOWELL MCGUINN, a/k/a "Lowell Craig McGuinn," the defendant, knowingly wore, purchased, attempted to purchase, solicited for purchase, mailed, shipped, imported, exported, produced blank certificates of receipt for, manufactured, sold, attempted to sell, advertised for sale, traded, bartered, and exchanged for something of value decorations and medals authorized by Congress for the armed forces of the United States, and service medals and badges awarded to the members of such forces, and the ribbons, buttons, and rosettes of any such badges, decorations, and medals, and any colorable imitation thereof, without being authorized under regulations made pursuant to law, to wit, MCGUINN, who was discharged as a private from the army, held himself out to be a lieutenant colonel and wore service medals, including a Distinguished Silver Cross, which is awarded under section 3742 of title 10, a Purple Heart, which is awarded under section 1129 of title 10, and a Silver Star, which is awarded under section 3846, 6244, or 8746 of title 10, including at a social function

1

in Manhattan.

(Title 18, United States Code, Sections 704(a) & (d).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with law enforcement agents and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

2. Based on conversations I had with the Executive Director of the Soldiers, Sailors, Marines & Airmen Club, I learned the following:

a. In or about May 2005, the Executive Director met an individual that identified himself as Lieutenant Colonel Lowell Craig McGuinn, later identified as LOUIS LOWELL MCGUINN, the defendant, at a social function held at the United States Merchant Marine Academy, Kings Point, Long Island. This individual wore on his uniform Purple Hearts, the Silver Star, and the Distinguished Service Cross.

b. From approximately September to November 2006, MCGUINN leased space at the Soldiers, Sailors, Marines & Airmen Club.

c. Towards the end of 2006, the Executive Director realized that MCGUINN wore decorations on his uniform in the incorrect manner, and, when asked, could not produce any documentation verifying his service or medals.

3. Based on conversations with a New York Police Department Officer, I learned the following:

a. In or about December 2006, the Officer was investigating a complaint that LOUIS LOWELL MCGUINN, the defendant, was improperly holding himself out to be a Lieutenant Colonel and wearing unearned medals and badges.

   b. On or about December 12, 2006, MCGUINN informed the Officer that he was a Lieutenant Colonel, and that he was currently working with Homeland Security as an Outside Contractor. MCGUINN further stated that in that regard he was involved with two companies: LCM & Associates, and the Latin American Carribean Security Council.

   c. MCGUINN was unable to produce any identification to confirm his military service.

  4. Based on a conversation with representatives of Codaoctupus USA, an underwater marine security company, I learned the following:

   a. Codaoctupus USA is an underwater marine security company that frequently works with government agencies as well as private clients.

   b. LOUIS LOWELL MCGUIN, the defendant, had told representatives of Codaoctopus USA that he was a retired Lieutenant Colonel who was attached to the Special Forces.

   c. Based in part on this representations, Codaoctupus USA hired MCGUINN, under the alias Louis Craig McGuinn, for two consecutive six-month contracts as a consultant in which he was to bring them prospective clients.

  5. I reviewed photographs of a social event taken at the Pierre Hotel in Manhattan, which depict LOUIS LOWELL MCGUINN, the defendant, with another individual in a military uniform and two individuals in tuxedos. In that picture, MCGUINN is wearing a Purple Heart, Silver Star, and Distinguished Sevice Cross, among other medals and badges.

  6. On or about March 5, 2007, I interviewed LOUIS LOWELL MCGUINN, the defendant, in which he related, among other things, the following:

   a. MCGUINN was never a Lieutenant Colonel in the military, although he claimed he had obtained the rank of corporal.

   b. Upon leaving the service in approximately 1968, MCGUINN decided to "reinvent" himself and changed his name and date of birth to provide himself some maturity when applying for employment. From that point forward, he listed his name as Lowell Craig McGuinn.

    c. MCGUINN became involved in a non-profit group called the "Special Forces Group," and claims that an individual who established that group decided to "elevate" him to the rank of Lieutenant Colonel, although having no authority to do so. As part of his new identity, MCGUINN then held himself out as a retired Lieutenant Colonel with an appropriate uniform, and specifically admitted to wearing his new uniform and medals to social functions, including an event at the Hotel Pierre and another event at the Merchant Marine Academy.

    d. When asked specifically about the particular medals, MCGUINN acknowledged the significance of the Silver Star, and said when asked by others about his medals, he would avoid or divert those conversations away from the subject.

    6. Based on a review of military records, I learned that in fact LOUIS LOWELL MCGUINN had not even obtained the rank of corporal and was discharged from the army as a private.

    WHEREFORE, the deponent prays that a warrant be issued for the arrest of LOUIS LOWELL MCGUINN, the defendant, and that he be imprisoned, or bailed, as the case may be.

                                    _____
                                    Special Agent Jason Randazzo
                                    Federal Bureau of Investigation

APR 2 5 2007

Sworn to before me this
__th day of April, 2007

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK


                RONALD L. ELLIS
            United States Magistrate Judge
            Southern District of New York