UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,          :

      -against-          :

                :

LOUIS LOWELL MCGUINN, a/k/a LOWEL
CRAIG MCGUINN,          :

      Defendant.          :
------------------------------------------------------------X

**AMENDED**[1]
**MEMORANDUM AND ORDER**

07 Cr. 471 (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## I. BACKGROUND

Defendant Louis Lowell McGuinn ("McGuinn"), also known as Lowel Craig McGuinn, was charged, through an information, with violating 18 U.S.C. § 704(a)[2] by knowingly wearing, manufacturing and selling military medals and decorations without authorization, namely, holding himself out fraudulently to be a lieutenant colonel, while wearing unearned service medals, without authorization. Before the Court is the defendant's motion to dismiss the information on the grounds that the statute, under which he has been charged, is

---

[1] The Memorandum and Order dated October 17, 2007, has been amended solely to reflect a correction to the section heading on page 2. In all other respects, the document's original text remains the same.

[2] "Whoever knowingly wears, . . . manufactures, sells, . . . any decoration or medal authorized by Congress for the armed forces of the United States, or any of the service medals or badges awarded to the members of such forces, or the ribbon, button, or rosette of any such badge, decoration or medal, or any colorable imitation thereof, except when authorized under regulations made pursuant to law, shall be fined under this title or imprisoned not more than sixth months, or both." 18 U.S.C. § 704(a).

1

unconstitutionally overly broad and vague. The government opposes the motion.

On April 25, 2007, the government filed a complaint, charging that, from about May 2005 to December 2006, the defendant, discharged as a private from the United States Army, held himself out to be a lieutenant colonel and wore service medals, including a Distinguished Silver Cross, a Purple Heart and a Silver Star, without authorization to do so. Based on the complaint, an arrest warrant issued and McGuinn was arrested on April 30, 2007. On May 29, 2007, an information was filed charging McGuinn with violating 18 U.S.C. § 704(a). The instant application followed.

## II. DISCUSSION

*Overbreadth Claim*

The First Amendment provides "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. "[S]tatutes attempting to restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society." Broadrick v. Oklahoma, 413 U.S. 601, 611-12, 93 S. Ct. 2908, 2915 (1973). The First Amendment doctrine of overbreadth provides that a law is unconstitutionally overly broad if it punishes a substantial amount of constitutionally protected speech "judged in relation to the statute's plainly legitimate sweep." See Virginia v. Hicks, 539 U.S. 113, 118-19, 123 S. Ct. 2191, 2196 (2003) (quoting Broadrick, 413 U.S. at 615, 93 S. Ct. at 2918). However, the mere possibility of unconstitutional applications of a statute "is not sufficient to render it susceptible to an overbreadth challenge." Members of the City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 800, 104 S. Ct. 2118, 2126 (1984). In order to prevail on an overbreadth

claim, a claimant must establish "from the text of [the statute] and from actual fact that a substantial number of instances exist in which the [l]aw cannot be applied constitutionally." New York State Club Ass'n, Inc. v. City of New York, 487 U.S. 1, 14, 108 S. Ct. 2225, 2234 (1988).

McGuinn contends wearing military medals and decorations is constitutionally protected speech because it is conduct conveying a particularized message that will be understood by those who view it. He contends 28 U.S.C. § 704(a) is overly broad because it does not further an important or substantial government interest and it burdens substantially more constitutionally protected speech than necessary by: (i) subjecting to criminal liability anyone who wears an unearned military-issued medal for any purpose; (ii) failing to have an exception for persons wearing military medals in a theatrical, cinematic or television production; and (iii) preventing persons from wearing military medals to protest a current or past war. More specifically, McGuinn asserts the statute is overly broad because it makes it criminal for a person to wear military medals to honor the reputation of the persons who earned the medals, such as family members honoring their relatives killed in a war, or to honor a dead or wounded family member in a parade honoring veterans.

Generally, the government does not contend that wearing military medals or decorations is not constitutionally protected speech, but contends: (a) the statute has a broad, legitimate sweep that promotes the important governmental interest in recognizing valor in our armed forces and preventing those who have not earned military commendations from wearing them and diluting their value; and (b) the defendant's unauthorized wearing of unearned military medals is not constitutionally protected speech because it is false, commercial speech, since the

defendant held himself out falsely to be a retired lieutenant colonel, with multiple decorations, in order to engage in commercial transactions.

For the purpose of the instant constitutional challenge, the Court will assume, without deciding, that, as a general proposition, wearing military medals or decorations is constitutionally protected speech and will analyze the challenge accordingly. According to the government, the challenged statute reflects the government's interest in preventing damage to the reputation and meaning of military medals or decorations caused by, inter alia, wearing such medals or decorations without authorization, or making fraudulent claims respecting the receipt of such medals or decorations. See Stolen Valor Act of 2005, Pub. L. No. 109-437, § 2, 120 Stat. 3266, 3266 (2006).

Although McGuinn claims, in a conclusory fashion, that the statute in the instant case "does not further an important or substantial government interest," he fails to explain how or why preventing damage to the reputation and the meaning of military decorations and medals is not an important or substantial government interest. McGuinn recognizes that "the statute's purpose is to protect the reputation of those persons who earned the service medals," but contends that protecting a reputation is not sufficiently compelling to deny him First Amendment protection, invoking New York Times Co. v. Sullivan, 376 U.S. 254, 84 S. Ct. 710 (1964), to support his contention.

However, McGuinn's reliance on Sullivan is misplaced because the Supreme Court never held that "protecting professional reputation is not a good enough reason to trample on the First Amendment rights." Instead, in Sullivan, the Supreme Court held that "the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of

their official conduct." 376 U.S. at 283, 84 S. Ct. at 727. The Court explained: "Criticism of [government officials'] official conduct does not lose its constitutional protection merely because it is effective criticism and hence diminishes their official reputations." Id. at 273, 84 S. Ct. at 722. This is so because "freedom of expression upon public questions is secured by the First Amendment." Id. at 269, 84 S. Ct. at 720. Contrary to McGuinn's contention, that protecting reputation is not sufficient to suppress free speech, Sullivan stands for the proposition that an injury to reputation may be sufficient where a public official, claiming defamatory falsehood relating to his official conduct, proves that the statements were made with actual malice. See id. at 279-80, 84 S. Ct. at 726. As the instant action does not involve libel or the standard for recovering damages in a libel action, Sullivan is inapposite.

    McGuinn also contends the statute provides no exceptions for wearing a medal or decoration to honor a wounded or fallen family member, to protest a war or to perform a role in a theatrical, cinematic or television production. However, the express language of the statue contains an exception provision, under which a person may wear medals or decorations "when authorized under regulations made pursuant to law." See 18 U.S.C. § 704(a). Nothing in the express language of the statute prevents a person who wishes to wear military medals or decorations, for the purposes enumerated by the defendant, from seeking authorization to do so. Moreover, mere possession, by a person, of military medals or decorations is authorized, provided the possessor does not use the medals or decorations to defraud or misrepresent his identity or status. See 32 C.F.R. § 507.12; Army Reg. § 672-8 ch. 2-7. The express language of the challenged statute does not prevent a person from using medals or decorations to honor a wounded or fallen family member or to protest a war as long as the person does not wear the

medals or decorations without authorization. For example, a parent may honor his or her child, an armed services member, who was wounded or killed, by displaying the child's medals or decorations in a case. However, if a parent wishes to wear his or her child's military medals or decorations to honor that child at a funeral or parade, the parent must seek and obtain authorization to do so, under regulations made pursuant to law. Similarly, if a person wishes to wear military medals or decorations in a theatrical, cinematic or television production, a person must seek and obtain authorization to do so, as provided by the statute.

The Court finds that the government has a legitimate interest in preventing damage to the reputation and meaning of military decorations and medals caused by wearing such medals and decorations without authorization. The Court finds further that, the defendant has failed to demonstrate that the challenged statute punishes a substantial amount of constitutionally protected speech, when judged in relation to the statute's plainly legitimate sweep, so as to render it unconstitutional. Therefore, 18 U.S.C. § 704(a) is not unconstitutionally overly broad.

*Vagueness Claim*

The Fourteenth Amendment provides, inter alia, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." Lanzetta v. State of New Jersey, 306 U.S. 451, 453, 59 S. Ct. 618, 619 (1939). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S. Ct. 2294, 2298 (1972). To comport with the Due Process Clause of the Fourteenth Amendment laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited" and "provide

explicit standards for those who apply them." Id. at 108, 92 S. Ct. at 2298-99; see Connally v. Gen. Constr. Co., 269 U.S. 385, 391, 46 S. Ct. 126, 127 (1926). "A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test may nevertheless be challenged on its face as unduly vague, in violation of due process. To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all of its applications." Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 497, 102 S. Ct. 1186, 1193 (1982). "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." Id., 455 U.S. at 495, 102 S. Ct. at 1191; see Farrell v. Burke, 449 F.3d 470, 485 (2d Cir. 2006).

McGuinn contends "the statute does not clearly indicate any exceptions that would not warrant federal prosecution." More specifically, he asserts, "[a] reader of Section 704(a) would not know whether he could march in a parade, perform a cinematic or theatric skit, wear a medal on his chest or wear a medal at a funeral." Additionally, McGuinn contends, the statute promotes improper and subjective discretion of law enforcement, forcing law enforcement officials to make a decision, for example, whether to arrest a family member honoring a fallen relative during a funeral. The government contends: (a) the void-for-vagueness doctrine does not apply to false, commercial speech; (b) the statute is not facially vague; and (c) the statute provides adequate guidance to law enforcement officials.

*a) Notice*

McGuinn's contention, that the statute does not provide an exception that would not warrant federal prosecution, is erroneous because, as indicated above, the statute does provide

such an exception. See 18 U.S.C. § 704(a). McGuinn does not point to any language in the statute that a person of ordinary intelligence would find vague. His contention: that no reader of the statute would know whether he could march in a parade, perform a cinematic or theatric skit, wear a medal on his chest or at a funeral, is also erroneous because the express language of the statute prohibits anyone from wearing military medals or decorations, except when properly authorized by regulations made pursuant to law, leaving no doubt in the mind of a person of ordinary intelligence about what conduct is prohibited. Although the Supreme Court explained that, in order to withstand a void-for-vagueness challenge, a statute does not need to describe the proscribed conduct with "mathematical certainty," Grayned, 408 U.S. at 110, 92 S. Ct. at 2300, the statute, in the instant case, can be said to describe the proscribed conduct with mathematical precision, as there is only one determinant of statutory violation: lack of authorization. The Court finds that the challenged statute provides adequate notice to McGuinn and to any person of ordinary intelligence that wearing military medals or decorations, without authorization, is prohibited.

    *b) Law Enforcement*

    The void-for-vagueness doctrine requires "that a legislature establish minimal guidelines to govern law enforcement." Kolender v. Lawson, 461 U.S. 352, 358, 103 S. Ct. 1855, 1858 (1983) (quoting Smith v. Goguen, 415 U.S. 566, 574, 94 S. Ct. 1242, 1247-48 [1974]). "If a court determines that a statute provides sufficient guidelines to eliminate generally the risk of arbitrary enforcement, that finding concludes the inquiry." Farrell, 449 F.3d at 493.

    McGuinn's argument, that the challenged statute imposes improper discretion on law enforcement officials, is unavailing. The express language of the statute is clear and does not

leave any discretion to law enforcement officials in its enforcement. A parent, honoring his or her child by wearing military medals earned by the child at the child's funeral would not force a law enforcement official to make a decision on whether to arrest the parent during the funeral service because wearing the medals, in such a circumstance, would be either authorized, and not violative of the statute, or unauthorized, and violative of the statute. The statute leaves no discretion to a law enforcement official and no possibility of arbitrary enforcement because it provides clear and sufficient guidance for its enforcement. Therefore, the Court finds that 18 U.S.C. § 704(a) is not vague. Accordingly, McGuinn's motion to dismiss the information is denied.

Dated: New York, New York
October 18, 2007

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE